UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------X

ESTATE OF PATRICIA METZERMACHER; by
MICHAEL METZERMACHER, ADMINISTRATOR,

          Plaintiff,

    -against-

NATIONAL RAILROAD PASSENGER
CORPORATION aka AMTRAK; TOWN OF WATERFORD;
THOMAS WAGNER; PAUL ECCARD; and MURRAY
PENDLETON,

          Defendants.

----------------------------------------X

## **NOTICE FOR REMOVAL**

    Defendant National Railroad Passenger Corporation aka Amtrak ("Amtrak"), through its attorneys, Landmand Corsi Ballaine & Ford P.C., respectfully states upon information and belief:

    1.   On December 14, 2005, defendant Amtrak received the Complaint-Bill of Discovery in this action which is currently pending in Superior Court of the State of Connecticut, Judicial District of New London at New London.  A copy of the Complaint-Bill of Discovery, including the Order and Notice of Hearing is annexed hereto as Exhibit A.  This constitutes all prior pleadings/orders served upon defendant to date.

    2.   According to the Complaint-Bill of Discovery, on or about September 28, 2005,  Plaintiff decedent's vehicle was allegedly struck by a train in the Town of Waterford, State of Connecticut.  The Complaint-Bill of Discovery seeks an order

directing certain discovery of defendants that plaintiff claims is necessary to investigate a cause of action in connection with this incident.

3.    Amtrak is removing this action because defendant Amtrak was created by an Act of Congress, 49 U.S.C. § 24101, et seq., and more than one-half of its capital stock is owned by the United States.   Thus, the above-described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, U.S.C. §§ 1331 and 1349 and is one which may be removed to this Court by the defendant therein, pursuant to the provisions of Title 28, U.S.C. § 1441.

4.    Defendants Town of Waterford, Thomas Wagner, Paul Eccard, and Murray Pendleton have given their consent and join in the removal of this action to this court.

WHEREFORE, defendant Amtrak prays that the action now pending against it in the Superior Court of the State of Connecticut in and for the Judicial District of New London at New London be removed therefrom to this Court.

Dated:   New York, New York
         December 22, 2005

                        Respectfully submitted,

                        LANDMAN CORSI BALLAINE & FORD P.C.

          By:   _Cathleen Giannetta_
                        Cathleen Giannetta (CT12052)
                        Attorneys for Defendant
                        National Railroad Passenger
                        Corporation aka Amtrak
                        Offices of National Railroad
                        Passenger Corporation
                        50 Union Avenue
                        New Haven, CT 06519

120 Broadway - 27th Floor
New York, NY 10271
(212) 238-4800

CERTIFICATION

I hereby certify that a true copy of Defendant's Notice for Removal was mailed by first class mail, postage prepaid, this 23rd day of December, 2005 to the following counsel of record:

The Reardon Law Firm, P.C.
160 Hempstead Street
New London, CT 96320
(860) 442-0444

Williams, Walsh & O,Connor, LLC
110 Washington Avenue, Second Floor
North Haven, CT 06473-1718


Cathleen Giannetta
(CT12052)

# EXHIBIT A

RECEIVED

DEC 1 4 2005

LEGAL/CLAIMS DEPT.
NEW HAVEN, CT
AMTRAK

NO. KNL-CV-05-4005046-S

| | | |
|---|---|---|
| ESTATE OF PATRICIA METZERMACHER; by MICHAEL METZERMACHER, ADMINISTRATOR | : | SUPERIOR COURT |
| V. | : : | JUDICIAL DISTRICT OF NEW LONDON AT NEW LONDON |
| NATIONAL RAILROAD PASSENGER CORPORATION aka AMTRAK ; TOWN OF WATERFORD; THOMAS WAGNER; PAUL ECCARD; and MURRAY PENDLETON | : | DECEMBER 13, 2005 |

<u>SUMMONS</u>

TO ANY PROPER OFFICER:

BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to serve a true and attested copy of the Complaint, Order and this Summons on the National Railroad Passenger Corporation aka Amtrak by leaving the same in the hands of their representative, Timothy L. Tychi, Amtrak Legal/Claims Department, 50 Union Avenue, 4th Floor West, New Haven, Connecticut 06519, on or before the 5th day of January, 2006.

AND you are hereby commanded to serve a true and attested copy of the Complaint, Order and this Summons on the Town of Waterford, Thomas Wagner, Paul Eccard, and Murray Pendleton by leaving the same in the hands of their counsel, James G. Williams, at Williams, Walsh & O'Connor, 110 Washington Avenue, 2nd Floor, North Haven, Connecticut 06473, on or before the 5th day of January, 2006.

Hereof fail not, but due service and return make.

Dated at New London, Connecticut, this 13th day of December, 2005.

_____
Ronald B. Resetarits
Commissioner of the Superior Court

A TRUE COPY
ATTEST:

_____
Timothy S. Wall, Connecticut
State Marshal
New Haven County

*4005046*

*original*

RETURN DATE: December __, 2005

| | | |
|---|---|---|
| ESTATE OF PATRICIA METZERMACHER; | : | SUPERIOR COURT |
| by MICHAEL METZERMACHER, | | |
| ADMINISTRATOR | | |
| | : | JUDICIAL DISTRICT OF NEW |
| V. | : | LONDON AT NEW LONDON |
| | | |
| NATIONAL RAILROAD PASSENGER | | |
| CORPORATION aka AMTRAK ; TOWN OF | | |
| WATERFORD; THOMAS WAGNER; | | |
| PAUL ECCARD; and MURRAY PENDLETON | : | DECEMBER 7, 2005 |

## COMPLAINT – BILL OF DISCOVERY

1.     On October 11, 2005, Michael Metzermacher was appointed

Administrator of the Estate of Patricia Metzermacher by the Probate Court of New

London, Connecticut, and acting in such capacity, brings this Bill of Discovery to

investigate a cause of action for the wrongful death of Patricia Metzermacher

pursuant to §52-555 of the Connecticut General Statutes.

2.     On or about September 28, 2005, and for some time prior thereto,

the defendant, National Railroad Passenger Corporation, was and still is a

government corporation doing business as Amtrak ("Amtrak") in the State of

Connecticut, which has, at all relevant times, owned, controlled and maintained



THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

the at-grade railroad crossing at Miner Lane in Waterford, Connecticut, and has operated the Acela high-speed electrified trains through said crossing.

3.     At all relevant times herein, Miner Lane was and is a public dead-end road owned by the defendant Town of Waterford, ending at a cul-de-sac south of the Miner Lane railroad crossing, and on said public road south of said crossing, eight families resided, including the plaintiff decedent, Patricia Metzermacher, and her grandchildren, Zachary and Courtney Metzermacher.  As a result, the Metzermacher family, as well as the other seven resident families, have been required for many years to travel daily over said at-grade rail crossing as their only means of ingress and egress to their residences.

4.     At all relevant times herein, the defendant, Thomas Wagner, was the Town Planner of the Town of Waterford and has been involved for over 14 years in the planning, design and the supervision of construction of all overpasses, bypass roads, rail crossing gates or drop-arms, signage, traffic control lights, and other safety and warning devices at and near the Miner Lane railroad crossing and, in his capacity as Town Planner, is required to carry out his municipal duties for the protection of motorists traveling on Miner Lane in the Town of Waterford,

2

especially, the Metzermacher family and the other seven families residing south of said rail crossing.

5.      At all relevant times herein, the defendant, Paul Eccard, has been the First Selectman and Executive Administrator of the Town of Waterford and, as such, has been responsible to manage all of the operations of the Town of Waterford, including enforcement of all Town, state and federal laws and regulations, including all safety laws and regulations involving the Miner Lane rail crossing and, as such, he has been obligated to carry out all such measures to protect the families residing on Miner Lane south of said rail crossing, including the Metzermacher family.

6.      At all relevant times herein, the defendant, Murray Pendleton, has been the Police Chief of the Town of Waterford and, as such, was responsible for providing for the safety of motorists operating within the Town of Waterford and, in particular, those residing south of the Miner Lane rail crossing, including the Metzermacher family.

7.      The defendants, Thomas Wagner, Paul Eccard and Murray Pendleton, have known for over twenty-five years that the Miner Lane rail crossing, the only such at-grade crossing in the Town of Waterford, constituted an

3

ultra-hazardous condition, exposing motorists on Miner Lane to risk of injury or death, and each had been repeatedly warned by the Federal government, state authorities, other Town of Waterford officials, and Town residents that this grade crossing must be eliminated.

8.     On or about September 28, 2005, at approximately 7:45 a.m., the plaintiff's decedent, Patricia Metzermacher, was the owner and operator of a Ford Taurus automobile, which she was operating in a northerly direction on Miner Lane, a public highway, in the Town of Waterford, State of Connecticut.  Patricia Metzermacher's grandchildren, Zachary Metzermacher, age eight, and Courtney Metzermacher, age four, were passengers in her automobile at the above stated date and time, as she was taking these children to school since the defendant Town would not allow school buses to cross this dangerous rail crossing.

9.     At said time and place, as the plaintiff's decedent, Patricia Metzermacher, crossed this railroad grade crossing, which consisted of a "Four-Quadrant Gate System" owned by the defendant Amtrak, both the entrance and exit gates simultaneously lowered, trapping the plaintiff's decedent, Patricia Metzermacher, and her grandchildren, Zachary Metzermacher and Courtney Metzermacher, between the entrance gate and exit gate.  At that moment, the

4

plaintiff's decedent's vehicle was suddenly and without warning violently struck by a westbound Acela high speed train, traveling at over 70 miles per hour, owned by the defendant Amtrak, and operated by an employee of the defendant Amtrak, then and there acting within the course of his employ,

10. This violent and high speed force of the impact resulted in the Metzermacher vehicle and its occupants being pushed over 1,000 feet west down the tracks by the train before coming to rest, resulting in the violent, painful and untimely death of all three occupants.

11. According to numerous media sources reporting on this tragedy, including the New York Times, The Hartford Courant, The New London Day, The Norwich Bulletin, and various television stations, the defendant, Thomas Wagner, identifying himself as Town Planner of Waterford, agreed to be interviewed by many reporters as the "only eyewitness" to the accident, suggesting in these interviews that this tragedy may have been caused by the conduct of Patricia Metzermacher.  The defendant, Thomas Wagner, was intimately involved in supporting the planning, execution and installation of the "Four-Quadrant Gate System" at this crossing during the period commencing in 1994 until its completion in 2001.  This so-called "fail-safe" gate system was justified to the public by the

5

defendant, Thomas Wagner, including the Miner Lane residents, as a safe alternative to constructing an overpass or bypass road to eliminate this dangerous grade crossing that had been consistently recommended and extensively designed for over fifteen years by the Federal Railroad Administration, an agency of the federal government.

12.    From 2001 to the present, including at least three instances in the last six weeks after the tragic Metzermacher deaths, the Miner Lane "Four-Quadrant Gate System" has repeatedly malfunctioned and failed, exposing other motorists to risks of injury or death.  Nonetheless, no precautions have been taken by the defendants, and the defendants have refused to release any information to the public regarding the Metzermacher tragedy or any prior or subsequent gate failures, claiming the matter is "under investigation."

13.    On October 4, 2005, and again on October 20, 2005, the plaintiff's counsel, on behalf of the Estate of Patricia Metzermacher, requested from Amtrak a copy of their accident report, a copy of the event recorder print out for the entire trip of the west bound Acela train involved in this accident, as well as the data table and text version.  Plaintiff's counsel also requested a description of the manufacturer and model of the event recorder, the name of any individuals who

6

had performed a down load of the event recorder since the accident, the exact

time and date of the start of the down load, the names of the witnesses involved in

the down load, along with a request that the event recorder be made available for

inspection and down loaded by plaintiff's experts. Plaintiff's counsel further

requested a copy of the Time and Delay Report for the entire crew trip, and any

dispatcher tapes of communications with the train during or after the subject

incident.  These devices are commonly known as "black boxes" that record all of

the relevant information concerning the operation of the Acela train and the "Four-

Quadrant Gate System."  See Exhibit A attached.

   14.    On October 4, 2005, and again on October 7, 2005, plaintiff's

counsel requested a copy of the police report of the subject incident from the

Waterford Police Department.  See Exhibit B attached.

   15.    On October 4, 2005, the plaintiff's counsel requested from the Town

of Waterford a copy of all photographs and video tapes in the possession of the

Town of Waterford regarding the subject accident including those prepared by the

police department, planning department, and any other agencies of the Town.

Plaintiff's counsel further requested eyewitness statements and reports that the

Town has in it possession regarding this accident.  See Exhibit C attached.

7

16.     On October 5, 2005, plaintiff's counsel requested an interview with Thomas Wagner, but insurance defense counsel for the Town of Waterford, Attorney James Williams, immediately instructed plaintiff's counsel that Mr. Wagner would not under any circumstances be interviewed by plaintiff's counsel, despite the fact that he had been interviewed by Amtrak officials and was regularly engaging in media interviews suggesting that this tragic accident was due to the conduct of the plaintiff's decedent.  See Exhibit D attached.

17.     From September 28, 2005, to the present, the Metzermacher Ford Taurus vehicle that was struck by the Amtrak Acela train has been seized by the Waterford Police Department and has been stored outside behind the Waterford Police Department, exposed to much adverse weather.  On October 14, 2005, after many protestations of the plaintiff's counsel, both by telephone and in writing, the insurance defense counsel for the Town of Waterford and the Waterford Police Department, Attorney James Williams, assured plaintiff's counsel that the Taurus vehicle had been moved to inside storage at Lombardi's Self Storage in Waterford to preserve this important evidence from further damage.  Despite this representation, the vehicle has <u>not</u> been moved at all to date, and has been left outdoors continuously, exposed to the elements, allowing its continued

8

deterioration and destruction as evidence, all to the prejudice of the Estate of Patricia Metzermacher.  See Exhibit E attached.

18.   On October 18, 2005, the plaintiff's counsel requested a copy of the police report of another failure of the Four-Quadrant Gate System at the Miner Lane rail crossing, trapping another motorist between the gates, which occurred on October 17, 2005.  See Exhibit F attached.

19.   On October 27, 2005, the plaintiff's counsel requested from the Town of Waterford and Amtrak copies of the written statements of the defendant Wagner, taken by the Waterford Police Department and Amtrak; the event recorder printouts for gate recorder and train recorder; and the release of the Ford Taurus vehicle owned by the Estate of Patricia Metzermacher to The Reardon Law Firm, P.C., as counsel for the Estate, so that this vehicle could be stored in plaintiff's counsel's warehouse for safekeeping, with the assurance that the vehicle would not be altered or destroyed, and only inspected after proper protocols had been agreed upon by all parties.  To date, the Town of Waterford and Amtrak have refused to provide the Ford Taurus vehicle, the event recorder printouts for the gate recorder and the train recorder, or copies of any written statements of the defendant Wagner.  See Exhibit G attached.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

20.   On November 18, 2005, the plaintiff's counsel requested a copy of the police report of yet another failure of the "Four-Quadrant Gate System" at the Miner Lane rail crossing, which occurred on November 17, 2005 at approximately 4:45 a.m.  See Exhibit H attached

21.   To date, plaintiff's counsel has not received any of the items or documentation requested of the Waterford Police Department, the Town of Waterford or from Amtrak.

22.   In order to properly investigate a cause of action on behalf of the plaintiff estate, the plaintiff's counsel must have access to the records, reports, documents and evidence that have been requested.  The conduct of the Town of Waterford, its Police Department, and Amtrak in refusing to provide any information whatsoever to the Estate of Patricia Metzermacher and in denying possession of the Metzermacher vehicle to her representatives is intended to influence the public perception of the cause of this tragedy and the outcome of this investigation.  This conduct has unduly prejudiced the plaintiff Estate, and the attorneys and experts retained by the Estate in the conduct of its investigation.

10

23.     The plaintiff has no remedy at law to obtain the information and evidence requested and continues to suffer irreparable harm by reason of the conduct of the defendants.

11

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

**WHEREFORE**, the plaintiff respectfully requests:

1.      An order that the Waterford Police Department release the Ford Taurus vehicle owned by the Estate of Patricia Metzermacher to plaintiff's counsel, said vehicle to be stored in plaintiff's counsel's warehouse for safekeeping, so that it may be retained and protected as evidence without any alteration or destruction.

2.      An order the Mr. Thomas Wagner submit to a discovery deposition forthwith, duly noticed with all counsel present.

3.      An order that the Town of Waterford Police Department and Amtrak produce their reports of the failure of the "Four-Quadrant Gate System" at the Miner Lane crossing on October 17, 2005 at approximately 1:00 p.m., trapping another motorist between the gates;

4.      An order that the Town of Waterford Police Department produce a copy of a report of the failure of the "Four-Quadrant Gate System" at the Miner Lane crossing on the morning of November 13, 2005, in which the gates malfunctioned for over one hour;

5.      An order that the Town of Waterford Police Department produce a copy of a report of the failure of the "Four-Quadrant Gate System" at the Miner

12

Lane crossing at 4:45 a.m. on the morning of November 17, 2005, in which the gates malfunctioned for over one-half hour;

6.     An order that the Town of Waterford produce a copy of the statement of Thomas Wagner taken by the Waterford Police Department relating to the subject incident;

7.     An order that the Waterford Police Department produce a copy of the police report of the subject collision;

8.     An order that the Town of Waterford produce a copy of all photographs and video tapes in its possession regarding the subject collision, including those prepared by the Town Police Department, Town Planning Department, and any other agencies of the Town.

9.     An order that Amtrak produce a copy of their event recorder print out for the entire trip of the west bound Acela train involved in this collision, as well as the data table and text version;

10.    An order that Amtrak produce a copy of the gate recorder printout for the "Four-Quadrant Gate System" at the Miner Lane crossing on September 28, 2005;

13

11.    An order that Amtrak provide a description of the manufacturer and model of the event recorder and gate recorder in use at the time of the subject collision, the name of any individuals who had performed a down load of these recorders since the collision, the exact time and date of the start of the down loads, and the names of the witnesses involved in the down loads;

12.    An order that Amtrak produce a copy of the Time and Delay Report for the entire crew trip, and any dispatcher tapes of communications with the train during or after the subject collision;

13.    Any other relief as law or equity may appertain.


THE PLAINTIFFS


By _____
Robert I. Reardon, Jr.
**THE REARDON LAW FIRM, P.C.**
Their Attorneys


14

## ORDER

The foregoing Complaint for Bill of Discovery having been heard by the Court, it is hereby:

GRANTED/DENIED.

It is further ORDERED that:

_____
BY THE COURT

_____
Clerk/Judge

15

RETURN DATE: December __, 2005

| | | |
|---|---|---|
| ESTATE OF PATRICIA METZERMACHER;<br>by MICHAEL METZERMACHER,<br>ADMINISTRATOR | : | SUPERIOR COURT |
| | : | JUDICIAL DISTRICT OF NEW |
| V. | : | LONDON AT NEW LONDON |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION aka AMTRAK ; TOWN OF<br>WATERFORD; THOMAS WAGNER;<br>PAUL ECCARD; and MURRAY PENDLETON | : | DECEMBER 7, 2005 |

## ORDER OF NOTICE AND HEARING

The above Bill of Discovery having been presented to the Court, it is hereby ordered that a hearing be held thereon at 9 30 a.m./p.m. on 1--17-06, 2005, at the Superior Court for the Judicial District of New London at New London, and that the plaintiffs give notice to the defendants of the pendency of the Bill and of the time when it will be heard by causing a true and attested copy of the Bill, Summons and this Order to be served upon the defendants by some proper officer or indifferent person on or before 1- 5 - 0 6, 2005, and that due return of service be made to this Court.

16

Dated at New London, Connecticut, this ___8___ day of ___Dec___,
2005.

By the Court,

_Jeff Feldman_
Clerk/Judge

A TRUE COPY
ATTEST:

Timothy S. Wall, Connecticut
State Marshal
New Haven County

17

# EXHIBIT  A

# THE REARDON LAW FIRM, P.C.

### Personal Injury and Wrongful Death Litigation

October 4, 2005

Amtrak aka
National Railroad Passenger Corporation
Union Station
50 Union Avenue
New Haven, CT  06519

Re: Estate of Patricia Metzermacher v. Amtrak and Town of Waterford
Our File No.:  202322

Dear Sir/Madam:

Our firm has been retained to represent the Estate of Patricia Metzermacher in any claims that may be brought against the Town of Waterford and/or Amtrak as a result of the death of Mrs. Metzermacher on Minor Lane in Waterford on September 28, 2005.

We hereby request a copy of your report, a copy of the event recorder print out for the entire trip of this west bound train as well as the data table and text version.  Additionally, we hereby request a description of the manufacturer and model of the event recorder, the name of any individuals who have performed a down load of the event recorder since the accident, the exact time and date of the start of the down load, the names of the witnesses involved in the down load and we hereby request that the event recorder be made available for inspection and down loaded by our experts. In addition, we hereby request a copy of the Time and Delay Report for the entire crew trip, any dispatcher tapes of communications with the train for during or after the incident.

It is also requested that we be provided with access to the Acela involved in the crash before any repairs are undertaken on the train in order to document the nature and extent of damage.  Should you intend to erase or eliminate the stored event recorder data and or repair damages experienced by the Acela in the crash, you should immediately notify our firm before doing so, so that we may have an opportunity to seek relief in the court so as to allow us to conduct reasonable inspections before this important evidence has been destroyed.

# THE REARDON LAW FIRM, P.C.

Amtrak        Personal Injury and Wrongful Death Litigation
October 4, 2005
Page 2 of 2


    You are advised that any further communications with the Metzermacher
Family should be made with our law firm.   Thank you for your immediate
attention to this matter.

                                    Very truly yours,

                                    Robert I. Readon, Jr.

:gmh

ROBERT I. REARDON, JR.*  ·  ROBERT T. RIMMER  ·  TRACY L. POPPE    RONALD B. RESETARITS

PARALEGALS  ·  MARSHA L. LOEWENBERG    BETH L. BEAMAN    GERARD T. HALL

* BOARD CERTIFIED CIVIL TRIAL ATTORNEYS

160 Hempstead Street   P.O. Drawer 1430   New London, CT 06320  ·  860/442-0444   Telefax 860/444-6445

reardonlaw@aol.com

# THE REARDON LAW FIRM, P.C.

### Personal Injury and Wrongful Death Litigation

October 20, 2005

**Via Facsimile: 203.773.6050**

Timothy L. Tychi
Sr. Claims Representative
Legal/Claims Department, Amtrak
50 Union Ave.
New Haven, CT  06519

Re:   Estate of Patricia Metzermacher v. Amtrak, et al
      09/28/05, Waterford, CT, Amtrak File #98361-1/TLT

Dear Mr. Tychi:

Now that the Metzermacher vehicle is secured it is important we reach some agreement with respect to protocols.  In order to conduct a proper examination of the vehicle, it is essential that the automotive engineer that we have retained receive a copy of the event recorder from the Acela train and the event recorder at the gate so that certain basic information concerning the collision is available to him as he conducts his examination and testing of the Ford Taurus vehicle.

Please forward to me as soon as possible the event recorder print-outs so that we may use them during our vehicle examination and testing.  We will reserve our right to examine the event recorders to a later date in order to expedite the vehicle testing but we must have the printouts before we consent to the destructive vehicle testing.

We are in the process of developing protocols to be used during the examination and testing of the vehicle.  If you would provide me with the name of the expert who will conduct the examination and testing of the vehicle for Amtrak, we may be able to develop agreeable protocols in an expeditious manner.

Thank you for your attention to this matter.

Very truly yours,

Robert I. Reardon, Jr.

RIR:bjs

ROBERT I. REARDON, JR.* ◇   ROBERT T. RIMMER ◇   TRACY L. POPPE ◇   RONALD B. RESETARITS

PARALEGALS ◇   MARSHA L. LOEWENBERG ◇   BETH L. BEAMAN ◇   GERARD T. HALL

* BOARD CERTIFIED CIVIL TRIAL ATTORNEYS

160 Hempstead Street ◇ P.O. Drawer 1430 ◇ New London, CT 06320 ◇ 860/442-0444 ◇ Telefax 860/444-6445

reardonlaw@aol.com

# EXHIBIT  B

# THE REARDON LAW FIRM, P.C.

### Personal Injury and Wrongful Death Litigation

October 4, 2005

Waterford Police Department
Records Division
41 Avery Lane
Waterford, CT  06385

> Re:   Patricia Metzermacher
>       Date of Incident:  09/28/05
>       Our File No:      202322

Dear Sir or Madam:

Please be advised that this office represents The Estate of Patricia Metzermacher of Waterford, Connecticut as a result of her death in a train crash which occurred on September 28, 2005.

We understand that your department investigated this incident, and we would very much appreciate receiving a complete copy of your report and any photographs in your possession.

Should you have any questions or require anything further, please feel free to contact me.

Very truly yours,

Beth L. Beaman
Paralegal

/blb

ROBERT I. REARDON, JR.* ❖ ROBERT T. RIMMER ❖ TRACY L. POPPE ❖ RONALD B. RESETARITS

PARALEGALS ❖ MARSHA L. LOEWENBERG ❖ BETH L. BEAMAN ❖ GERARD T. HALL

* BOARD CERTIFIED CIVIL TRIAL ATTORNEYS

160 Hempstead Street ❖ P.O. Drawer 1430 ❖ New London, CT 06320 ❖ 860/442-0444 ❖ Telefax 860/444-6445

reardonlaw@aol.com

# THE REARDON LAW FIRM, P.C.

### Personal Injury and Wrongful Death Litigation

October 7, 2005

Waterford Police Department
41 Avery Lane
Waterford, CT  06385

Re:   Estate of Patricia Metzermacher v. Amtrak, et al.
Our File No.:  202322

To Whom It May Concern:

Our firm represents the Estate of Patricia Metzermacher in the above-referenced matter.  Please provide us as soon as possible with a complete copy of the police report, including all statements, photographs and videos taken in the course of your investigation.

We have been advised by Mr. Timothy L. Tychi of Amtrak that Amtrak intends to engage in destructive/invasive testing of the Ford Taurus presently in your custody.

On behalf of the owner of that vehicle, the Estate of Patricia Metzermacher, we hereby instruct the Waterford Police Department that under no circumstances are any representatives of Amtrak, The Federal Railroad Administration, The National Transportation Safety Board or any other Federal, State or Local agency to be permitted to engage in any testing of this vehicle without first arriving at proper written protocols either by agreement or pursuant to court order.

Our firm intends to seek relief in the Superior Court if any effort is made to engage in any destructive or invasive testing of this vehicle by anyone without proper protocols.

Thank you for your attention to this matter.  Should there be any question about this letter, do not hesitate to contact me immediately so that I may seek relief in the Superior Court.

Very truly yours,

Robert I. Reardon, Jr.

RIR:bjs

ROBERT I. REARDON, JR.* ɛ  ROBERT T. RIMMER ᵥ  TRACY L. POPPE ⋏  RONALD B. RESETARITS
PARALEGALS ⟨  MARSHA L. LOEWENBERG ⟩ BETH L. BEAMAN ⟨ GERARD T. HALL
* BOARD CERTIFIED CIVIL TRIAL ATTORNEYS
160 Hempstead Street ⟩ P.O. Drawer 1430 ⟩ New London, CT 06320 ⟩ 860/442-0444 ⟨ Telefax 860/444-6445
reardonlaw@aol.com

# EXHIBIT  C

# THE REARDON LAW FIRM, P.C.

### Personal Injury and Wrongful Death Litigation

October 4, 2005

Mr. Paul Eccard
First Selectman
Town of Waterford
15 Rope Ferry Road
Waterford, CT 06385

     Re: Estate of Patricia Metzermacher v. Amtrak and Town of Waterford
        Our File No.: 202322

Dear Mr. Eccard:

     Our firm has been retained to represent the Estate of Patricia Metzermacher in any claims that may be brought against the Town of Waterford and/or Amtrak as a result of the death of Mrs. Metzermacher on Minor Lane in Waterford on September 28, 2005. It is my understanding that the Town of Waterford has video taped and photographed the reconstruction of this tragic accident in order to simulate how it may have occurred.

     Pursuant to the Connecticut Freedom of Information Act please provide our law firm with a complete copy of all photographs, video tapes in the possession of the Town of Waterford regarding this accident including those prepared by the police department, planning department, and any other agencies of the town. In addition, if the town has in its possession, statements, reports, or other similar documents regarding this accident we hereby request a copy of those as well.

Very truly yours,

Robert I. Reardon, Jr.

:gmh
cc: Chief of Police
    Town of Waterford

# EXHIBIT  D

| Metzenmacher, Est., Mrs. Patricia | Case Type: DEATH | DOI: 9/28/2005 | LIM Date: 9/27/2007 |
|---|---|---|---|
| Case #: 202322 | Class: | Assigned: RIR | Date Opened: 9/29/2005 |

11/15/2005  10:49 AM

Page 1 of 1

## Case Note - Page 4 of 29

**Date:** 10/06/2005  08:49 AM     **Staff:** EJC                    **Topic:** Posted Message

Message For: RIR
Taken By: EJC
Date: 10/6/2005        Time: 08:49 am
From: Avena, Esq, Robert  A.
Firm: Kepple, Morgan & Avena, P.C.
Phone: (860) 599-3739     Extension: 01

re: you trying to get ahold of Tom Wagner, one of the town employees that was a witness to the accident. Their insurance company does not want any town employee to be interviewed until after their investigation. Please feel free to call him at his office. (this call came in yesterday at 5:45)

# THE REARDON LAW FIRM, P.C.

### Personal Injury and Wrongful Death Litigation

October 6, 2005

*Via Facsimile:* (860) 599-3778

Attorney Robert A. Avena
Kepple, Morgan & Avena, P.C.
20 South Anguilla Road
Anguilla Park #3A
Pawcatuck, CT  06379

　　　　　Re:  Estate of Patricia Metzermacher

Dear. Mr. Avena:

　　　As I related to you by telephone today, the family of Patricia Metzermacher is particularly disturbed that Mr. Thomas Wagner, Town Planner for the town of Waterford, has repeatedly discussed his views about how this accident occurred in the media but has refused to speak with me, as the attorney for the family.

　　　There have been numerous quotes in different media outlets by Mr. Wagner relating his opinions about this accident when he has little basis to form the opinions that he is offering, especially with respect to the functioning of the four-quadrant gate system that was installed on Miner Lane in 2001, after he approved the installation as Town Planner.

　　　Mr. Wagner apparently does not appreciate that each time he implicitly attributes fault to Mrs. Metzermacher such quotes in the media are very upsetting to the family members.  His quotes are particularly disturbing since he often offers an opinion that he is not competent to provide, without advising the media of his prior involvement in the installation of the gates.

　　　On behalf of the Metzermacher family I hereby demand that Mr. Wagner cease any further communications with the media that disparage Patricia Metzermacher or her operation of the motor vehicle at the time of this accident.

　　　　　　　　　　Very truly yours,

　　　　　　　　　　Robert I. Reardon, Jr.

RIR:bjs

ROBERT I. REARDON, JR.* ♦ ROBERT T. RIMMER ♦ TRACY L. POPPE ♦ RONALD B. RESETARITS
PARALEGALS ♦ MARSHA L. LOEWENBERG ♦ BETH L. BEAMAN ♦ GERARD T. HALL
* BOARD CERTIFIED CIVIL TRIAL ATTORNEYS

160 Hempstead Street ♦ P.O. Drawer 1430 ♦ New London, CT 06320 ♦ 860/442-0444 ♦ Telefax 860/444-6445
reardonlaw@aol.com

# EXHIBIT  E

Oct 07 05 03:21p    Amtrak Law/Claims         1-203-773-6050          p.1

NATIONAL RAILROAD PASSENGER CORPORATION

56 Union Avenue, New Haven, CT 06519

**Legal/Claims Department**
Bell: 203-773-6031  Fax: 203-773-6050



Via Fax 860-444-6445 & USPS
October 7, 2005

Robert I. Reardon, Jr.
The Reardon Law Firm, P.C.
160 Hempstead Street
P. O. Drawer 1430
New London, CT  06320

Re:    Estate of Patricia Metzermacher v Amtrak, et al,
       09/28/05, Waterford, CT., Amtrak File #98361-1/TLT

Dear Attorney Reardon:

As discussed with you by telephone today, this will confirm that you will be coordinating a site inspection of the Acela engine #2153 which was involved in the 9/28/05 incident located at our Southampton Yard in Boston, Massachusetts this date.

It is our desire to inspect the motor vehicle involved in this crossing accident in the very near future.  Part of that inspection will require destructive/invasive testing.  We would suggest that you or your representative be present during this process.  In the interim please assure that the vehicle is not removed from impound or tampered with in any manner prior to the inspection.

I will notify you within the next few days as to the date, time and location of this inspection.

Very truly yours,

Timothy L. Tychi,
Sr. Claims Representative
/alh
Cc:  Waterford Police Department

# THE REARDON LAW FIRM, P.C.

## Personal Injury and Wrongful Death Litigation

October 7, 2005

Timothy L. Tychi
Sr. Claims Representative
Legal/Claims Department, Amtrak
50 Union Ave.
New Haven, CT  06519

Re:   Estate of Patricia Metzermacher v. Amtrak, et al
09/28/05, Waterford, CT, Amtrak File #98361-1/TLT

Dear Mr. Tychi:

I am in receipt of your letter of October 7, 2005 requesting destructive/invasive testing of Ford Taurus operated by Patricia Metzermacher at the time of her death. Please be advised that we will not allow you to engage in destructive/invasive testing of the vehicle.  You may inspect the vehicle but will not be allowed to alter it in any way.

Before any destructive testing of the vehicle is to take place, court intervention will be necessary in order to assist us in arriving at proper protocols for testing.  This will require the participation of our experts in the development of written testing protocols that have either been agreed upon or entered by court order.

In the interim, I am notifying the Waterford Police Department under separate cover of our instruction, on behalf of the Estate of Patricia Metzermacher, as owner of the vehicle, that no one is to engage in any destructive or invasive testing of the vehicle at this time.  Should you attempt the same, we will immediately seek the assistance of the Superior Court for the Judicial District of New London.  Thank you for your immediate attention to this matter.

Very truly yours,

Robert I. Reardon, Jr.

RIR:bjs

cc:   Waterford Police Department
Attn:  Sargeant Lougee
Attn:  Detective Burton
41 Avery Lane
Waterford, CT  06385

ROBERT I. REARDON, JR. ◦ ☆ ROBERT T. RIMMER ◦ TRACY L. POPPE ◦ RONALD B. RESETARITS
PARALEGALS ◦ MARSHA L. LOEWENBERG ◦ BETH L. BEAMAN ◦ GERARD T. HALL
☆ BOARD CERTIFIED CIVIL TRIAL ATTORNEYS

160 Hempstead Street ◦ P.O. Drawer 1430 ◦ New London, CT 06320 ◦ 860/442-0444 ◦ Telefax 860/444-6445
reardonlaw@aol.com

# WILLIAMS, WALSH & O'CONNOR, LLC

Attorneys and Counselors at Law
110 Washington Avenue, Second Floor
North Haven, CT 06473-1718
Telephone  (203) 234-6333
Facsimile  (203) 234-6330
www.williamswalshandoconnor.com

James G. Williams
*Kevin P. Walsh
Michael F. O'Connor
Scott R. Ouellette

*Also admitted in MA and ME
*Board Certified Civil Trial Specialist

**Also admitted in NY

jwilliams@wwolaw.com
kwalsh@wwolaw.com
mocomor@wwolaw.com
souellette@wwolaw.com

lgalati@wwolaw.com

**Lisa D. Galati (Of Counsel)

October 14, 2005

**VIA FACSIMILE**

Robert Reardon, Esq.
The Reardon Law Firm PC
160 Hempstead St
New London, CT 06320

RE:   Estate of Patricia Metzermacher
Vehicle Storage

Dear Attorney Reardon:

In response to our telephone conversation earlier today regarding the vehicle currently in the possession of the Town of Waterford police department, please be advised that arrangements have been made to relocate the vehicle to an indoor facility.  We will confirm said relocation by Monday October 17, 2005.  Further, you have our assurance that the vehicle will not be made available to outside third-parties while in storage.  I will contact you on Monday October 17, 2005 to discuss these issues with you.

Very truly yours,

James G. Williams, Esq.

| Metzenmacher, Est., Mrs. Patricia | Case Type: DEATH | DOI: 9/28/2005 | LIM Date: 9/27/2007 |
|---|---|---|---|
| Case #: 202322 | Class: | Assigned: RIR | Date Opened: 9/29/2005 |

11/15/2005   10:56 AM

Page 1 of 1

## Case Note - Page 14 of 29

**Date:** 10/14/2005  04:04 PM     **Staff:** MLL                    **Topic:** MISCELLANEOUS

Message For: RIR
Taken By: MLL
Date: 10/14/2005       Time: 04:04 pm
From: Scott Ouellette
Firm: Jim Williams' office
Phone: (203) 234-6333     Extension:

The Town of Waterford will place the car indoors at their facility.  (He could not specifiy the location --
just the town facility.  I asked him to please get me the address.)

# THE REARDON LAW FIRM, P.C.

### Personal Injury and Wrongful Death Litigation

October 14, 2005

**Via Facsimile: 203.773.6050**

Timothy L. Tychi
Sr. Claims Representative
Legal/Claims Department, Amtrak
50 Union Ave.
New Haven, CT  06519

Re:    Estate of Patricia Metzermacher v. Amtrak, et al
       09/28/05, Waterford, CT, Amtrak File #98361-1/TLT

Dear Mr. Tychi:

I am in receipt of your letter of October 12, 2005 by fax, including a proposed protocol.

Since the protocol that you have provided clearly involves destructive testing and is not specific with respect to the manner in which the dismantling and testing will take place, it will be necessary for us to develop detailed protocols describing exactly how each component will be dismantled and how the evidence will be preserved thereafter.

In addition, the entire process should be videotaped including the removal of the vehicle from the police facility and its transportation to a certified repair facility.

Typically, protocols of this nature are far more detailed than what you have presented.  If you would be so kind as to provide me with the name of the certified technician who you propose will undertake the disassembly, I will have our automotive engineer communicate with him and develop more detailed protocols so that we can all proceed with an appropriately conducted inspection of the vehicle.

In the interim, I note that the vehicle is being stored outside.  I intend to propose to the Waterford Police Department that the vehicle be removed immediately to an indoor facility to be protected from the elements.  Our firm maintains a small, secured garage/warehouse used exclusively to store vehicles. I intend to propose to the Waterford Police Department that the vehicle be

# THE REARDON LAW FIRM, P.C.

## Personal Injury and Wrongful Death Litigation

removed from its present location to the rear of the police station to such location where it can subsequently be made available for inspection and testing.  That removal process will be videotaped and a copy will be made available to Amtrak.

I am sure that this arrangement will be agreeable to you since it will be protecting important evidence from the weather.

Please provide me with a response promptly so that we may address this inspection without further delay.

Very truly yours,

Robert I. Reardon, Jr.

RIR:bjs

cc:   Murray Pendleton
      Chief, Waterford Police Dept.
      41 Avery Lane
      Waterford, CT  06385
      Fax:  (860) 443-3953

James Williams, Esq.

# EXHIBIT  F

# THE REARDON LAW FIRM, P.C.

### Personal Injury and Wrongful Death Litigation

October 18, 2005

Murray J. Pendleton
Chief of Police
Town of Waterford
41 Avery Lane
Waterford, CT  06385

Dear Chief Pendleton:

As you are aware, our firm represents the Estate of Patricia Metzermacher in a wrongful death claim against AMTRAK as a result of a tragic collision that occurred at the Miner Lane railroad gate crossing on September 25, 2005.

On Monday, October 17th, at approximately 1:00pm, there was a failure of the 4-Quad Gate Crossing device at the Miner Lane Rail Crossing resulting in a truck breaking the gate. Instead of summoning the Waterford Police Department to the scene to control motor vehicle traffic during this emergency, AMTRAK called its own AMTRAK security guard from the New London Train Station to the site.  AMTRAK security directed traffic and instructed a pedestrian that she should not take photographs while repair work was going on.  The AMTRAK security guard directed traffic around the gates into the oncoming lane while the broken gate was down for the repair.  After several minutes, someone told the guard that he really should not be directing traffic, but nonetheless he continued to direct traffic.

On behalf of my clients, I believe your police department should investigate the actions of AMTRAK in allowing its security guard to exercise an authority reserved only for police officers, in not immediately contacting the Waterford Police when there was a gate failure, and in attempting to repair the gate without informing proper authorities given the ongoing multiple death investigation.  As I know public safety is a priority of the Waterford Police Department, I am sure that you will direct a complete investigation and provide my firm with a copy of your report.

Thank you for your prompt attention to and cooperation in this matter.

Very truly yours,

Robert I. Reardon, Jr.

RIR/gth
cc:  Timothy L. Tychi, Amtrak
     James G. Williams, Esq.

ROBERT I. REARDON, JR.* ✦ ROBERT T. RIMMER ✦ TRACY L. POPPE ✦ RONALD B. RESETARITS

PARALEGALS ✦ MARSHA L. LOEWENBERG ✦ BETH L. BEAMAN ✦ GERARD T. HALL

* BOARD CERTIFIED CIVIL TRIAL ATTORNEYS

160 Hempstead Street ✦ P.O. Drawer 1430 ✦ New London, CT 06320 ✦ 860/442-0444 ✦ Telefax 860/444-6445

reardonlaw@aol.com

# EXHIBIT  G

# THE REARDON LAW FIRM, P.C.

### Personal Injury and Wrongful Death Litigation

October 27, 2005

**Via Facsimile:  203.234.6330**

James Williams, Esq.
Williams, Walsh & O'Connor
110 Washington Avenue, 2nd Floor
North Haven, CT  06473

      Re:    Estate of Patricia Metzermacher v. Amtrak, et al
              Our file no. 202322

Dear Mr. Williams:

Pursuant to our telephone conversation, this letter is to inform the Town of Waterford and Amtrak that we request immediate production of the following:

1.    Statement of Thomas Wagner taken by the Waterford Police Department;

2.    Event recorder printouts for gate recorder and train recorder;

3.    Release of the Ford Taurus vehicle owned by the Estate of Patricia Metzermacher to our firm as counsel for the Estate.

The Town of Waterford has had possession of the statement of Thomas Wagner, the event recorder printouts and the Ford Taurus for nearly one month, and has refused to provide any of this information to the Metzermacher family or our firm as their attorneys.

To our knowledge, there is no criminal investigation under way in that Mrs. Metzermacher is deceased.  Thus, the Waterford Police Department has absolutely no right to retain this evidence and to participate in sharing this evidence with Amtrak, but not with the Metzermacher family.

We have been patient in requesting this information, but we have received no cooperation from either the Town of Waterford or Amtrak.  As a result, unless we receive the three above listed items by 5:00 p.m. tomorrow, October 28, 2005 (as to the vehicle, permission to pick it up and deliver it to our warehouse for safekeeping), we will

ROBERT I. REARDON, JR.* ♦ ROBERT T. RIMMER ♦ TRACY L. POPPE ♦ RONALD B. RESETARITS

PARALEGALS ♦ MARSHA L. LOEWENBERG ♦ BETH L. BEAMAN ♦ GERARD T. HALL

* BOARD CERTIFIED CIVIL TRIAL ATTORNEYS

160 Hempstead Street ♦ P.O. Drawer 1430 ♦ New London, CT 06320 ♦ 860/442-0444 ♦ Telefax 860/444-6445
reardonlaw@aol.com

# THE REARDON LAW FIRM, P.C.

## Personal Injury and Wrongful Death Litigation

James Williams, Esq.
October 27, 2005
Page 2


be required to file an Application for a Bill of Discovery in the Superior Court for the Judicial District of New London seeking a court order for these items.

I have assured you and Amtrak that the vehicle will be retained, without any alteration or destruction, in a heated warehouse at our office in New London, and will be made available to parties for inspection during reasonable business hours.

Nonetheless, the Town of Waterford has refused to relinquish to the Estate of Patricia Metzermacher her rightful property. We will not wait any longer for the Town and Amtrak to engage in an investigation which prejudices the investigation that is currently under way by our firm with the assistance of a number of qualified experts.

We expect a reply immediately. We are prepared to receive the items before the weekend.

Thank you for your anticipated cooperation.

Very truly yours,

Robert I. Reardon, Jr.
*Signed in Attorney Reardon's
absence to avoid delay*


RIR:mll
cc:   Timothy L. Tychi
      Sr. Claims Representative, Amtrak

# EXHIBIT  H

# THE REARDON LAW FIRM, P.C.

### Personal Injury and Wrongful Death Litigation

November
~~October~~ 18, 2005

Murray J. Pendleton
Chief of Police
Town of Waterford
41 Avery Lane
Waterford, CT  06385

      RE:   The Estate of Patricia Metzermacher
             Our file no. 202322

Dear Chief Pendleton:

As you are aware, our firm represents the Estate of Patricia Metzermacher as the result of her death in the Miner Lane rail crossing collision which occurred on September 28, 2005 in Waterford, Connecticut.

On Thursday, November, 17th, at approximately 4:45 a.m., there was another failure of the "Four-Quadrant Gate System" at the Miner Lane rail crossing.  I would appreciate receiving a copy of your investigative report of this incident.

Thank you for your prompt attention to and cooperation in this matter.

Very truly yours,

Robert I. Reardon, Jr.

RIR/mll
cc: Timothy L. Tychi, Amtrak
    James G. Williams, Esq.

ROBERT I. REARDON, JR.*   ROBERT T. RIMMER   TRACY L. POPPE   RONALD B. RESETARITS
PARALEGALS   MARSHA L. LOEWENBERG   BETH L. BEAMAN   GERARD T. HALL
* BOARD CERTIFIED CIVIL TRIAL ATTORNEYS

160 Hempstead Street   P.O. Drawer 1430   New London, CT 06320   860/442-0444   Telefax 860/444-6445
reardonlaw@aol.com