IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
                                                       :
ESTATE OF PATRICIA METZERMACHER,:                          3:05 CV 1964 (JBA)
BY MICHAEL METZERMACHER,         :
ADMINISTRATOR                    :
                                                       :
V.                                                     :
                                                       :
NATIONAL RAILROAD PASSENGER      :
CORPORATION, a/k/a AMTRAK        :
                                                       :   DATE: FEBRUARY 21, 2006
-------------------------------------------------------x
```

RULING ON PLAINTIFF'S BILL OF DISCOVERY

      On December 7, 2005, petitioner filed his Complaint – Bill of Discovery in the Superior Court for the Judicial District of New London at New London, regarding a tragic accident on September 28, 2005, in which the car driven by his decedent Patricia Metzermacher, with her two grandchildren as passengers, was struck by an Acela train operated by Amtrak, while the vehicle was attempting to cross Miner Lane in Waterford, Connecticut. (Dkt. #1, Exh. A, ¶¶ 2-3, 8, 10). Named as respondents are Amtrak, the Town of Waterford, and three town employees, Thomas Wagner (the Town Planner), Paul Eccard (the Town's First Selectman), and Murray Pendleton (the Town's Police Chief). (Id. ¶¶ 4-7, 9). Wagner is also an eyewitness to the accident. (Id. ¶ 11). In this Bill of Discovery, petitioner sought production of twelve documents or category of documents. (Id. at 12-14, see also ¶¶ 12-22). Twenty days later, respondent Amtrak filed its Notice of Removal (Dkt. #1), removing the matter to this court, pursuant to 28 U.S.C. §§ 1331, 1349 & 1441.

      On January 18, 2005, petitioner filed his Motion for Expedited Hearing on Bill of Discovery (Dkt. #8), which was referred to this Magistrate Judge one week later (Dkt. #9). A telephonic status conference was held on February 3, 2006, at which counsel agreed that of the twelve items listed, respondents had complied with all discovery requests except for

the deposition of Wagner; counsel further agreed that no evidentiary hearing was necessary. (Dkts. ##12-14). In accordance with the deadlines agreed to by counsel, on February 9, 2006, petitioner submitted a letter-brief (docketed as Dkt. #16)[1] and on February 10, 2006, the Waterford respondents submitted their letter-brief (docketed as Dkt. #17).[2] On February 17, 2006, petitioner submitted his reply letter-brief and the Waterford respondents submitted their reply-letter brief (docketed as Dkts. ##19 & 20).

In his letter-brief, petitioner argues that Wagner assumes a dual role in this matter – (1) as Waterford's Town Planner, he advocated for the "Four-Quadrant Gate System" at Miner Lane, over the objection of the Federal Railroad Administration; and (2) as previously stated, he claims to be the only eyewitness to the tragic accident. Counsel contends that the two statements are inconsistent with each other.

In their letter-brief, the Waterford respondents argue that Wagner's pre-filing deposition is unnecessary because: (1) petitioner is already aware of his potential claim against the Waterford respondents; (2) unlike the Connecticut state courts, which require "fact pleading" under CONN. PRAC. BOOK § 10-1, the federal courts only require "notice pleading" under FED. R. CIV. P. 8(a); (3) petitioner already has been "granted access to copious amounts of information concerning this incident"; (4) Wagner had "limited involvement with this intersection and virtually no involvement in its signalization"; (5) there

---

[1] Attached are copies of Wagner's Amtrak Police Department Complainant/Witness Statement, dated September 28, 2005 ["Amtrak Incident Report"] and of Wagner's Incident Report to the Waterford Police Department, dated September 29, 2005 ["Waterford Incident Report"].

[2] In addition to copies of Wagner's September 28 and 29, 2005 statements, see note 1 supra, attached is a copy of plaintiff's Notice of Intention to Commence Action Against Municipality and Its Employees, dated December 19, 2005 and received on December 20, 2005.

On February 16, 2006, respondent Amtrak sent a letter-brief (docketed as Dkt. #18), in which it joins in the opposition of the Waterford respondents.

are no inconsistencies between Wagner's two statements; and (6) petitioner does not have a cause of action under Connecticut's Highway Defect Statute, CONN. GEN. STAT. § 52-557n, which requires that the particular defect be the "sole proximate cause" of a plaintiff's injuries.

In his reply letter-brief, petitioner argues that the Waterford respondents may be liable under certain subsections of CONN. GEN. STAT. § 52-557n, particularly §§ 52-557n(b)(7) & 52-577n(b)(8).

As the Connecticut Supreme Court has explained, a bill of discovery seeks equitable relief from the court, and in order to be granted, the petitioner "must demonstrate that what he seeks to discover is material and necessary for proof of . . . [an] action . . . about to be brought." Journal Pub. Co., Inc. v. The Hartford Courant Co., 261 Conn. 673, 680-81 (2002)(citation omitted). As the Waterford respondents have argued, petitioner is already aware of the nature of the claims he intends to bring against the Town of Waterford and its three employees (Dkt. #17, Notice of Intention to Commence Action Against Municipality and Its Employees),[3] and already has received a large amount of documents from Amtrak and the Town of Waterford.

The only significant inconsistency between the two incident reports is that in the Waterford Incident Report, Wagner indicates that as the vehicle struck the gate, "[t]he gate popped into the air above the vehicle which continued onto the tracks. . . . " (At 1). There is no mention of this "popping up" in the Amtrak Incident Report, which is significantly shorter than the Waterford Incident Report. However, this inconsistency does not have a bearing on whether petitioner can make a claim against the Waterford respondents.

Because the only issue left is whether or not Wagner should be deposed prior to the filing of a lawsuit on the limited issue of any inconsistencies between his two statements, the

---

[3]There is no need to address the issues raised regarding the Connecticut Highway Defect Statute.

3

Court is guided by FED. R. CIV. P. 27(a), which governs the taking of depositions before an action is filed. Such depositions may be ordered "[i]f the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice. . . ." Rule 27(a)(3). Rule 27(a) was discussed extensively last summer in In re Petition of Allegretti, 229 F.R.D. 93 (S.D.N.Y. 2005), in which the owners of an Italian business wanted to commence litigation against a New York resident, who was a former employee, and wanted to depose him prior to the commencement of the lawsuit; they claimed that they were unable to file this lawsuit until certain matters were resolved in the Italian courts. Id. at 93-95. As Senior U.S. District Judge Haight observed, a Rule 27(a) deposition is "available in special circumstances to preserve testimony which could otherwise be lost," such as the impending death of a litigant, "geographical constraints, advanced age, or the passage of time." Id. at 96-98 (multiple citations omitted). As in Allegretti, given Wagner's significant ties to this community, and in the absence of any expressed concerns about his health or mental acumen, "there is little reason to believe that without a Rule 27 deposition his testimony in a future action would be lost." Id. at 98.

Accordingly, petitioner's Bill of Discovery (Dkt. #1, Exh. A) is denied.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to**

**Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 21st day of February, 2006.

```
_____/s/_____
```
Joan Glazer Margolis
United States Magistrate Judge