```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

Estate of Patricia Metzermacher,      :
by Michael Metzermacher,              :
Administrator et al.,                 :
    Plaintiffs,                       :
                                      :    Case No. 3:05cv1964 (JBA)
v.                                    :
                                      :
National Railroad Passenger           :
Corp. a/k/a Amtrak et al.,            :
    Defendants.                       :

**RULING ON PLAINTIFFS' MOTION FOR THE ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b) OR, IN THE ALTERNATIVE, FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b) [DOC. # 73]**

Plaintiffs David Metzermacher and Dawn Rainville, individually and as executors of the estates of their children, Zachary and Courtney Metzermacher, and David's mother, Patricia Metzermacher, initiated this action against defendants National Railroad Passenger Corporation a/k/a Amtrak ("Amtrak"), the Town of Waterford ("Town"), and current and former Town officials Thomas Wagner, Thomas Sheridan, Paul Eccard, and Murray Pendleton (collectively, with the Town, the "Town Defendants"), alleging negligence, public nuisance, loss of consortium, bystander emotional distress, and indemnity (against the Town), arising out of the injury and eventual death of Patricia, Zachary, and Courtney Metzermacher following a September 28, 2005 accident at an Amtrak train crossing on Miner Lane in Waterford Connecticut. See Sec. Am. Compl. [Doc. # 51].

On February 1, 2007, the Court dismissed the claims against

the Town Defendants as barred by Conn. Gen. Stat. § 52-557n, which limits plaintiffs' recourse against the Town Defendants to recovery under the highway defect statute, Conn. Gen. Stat. § 13a-149. See Rul. on Defs. Mots. to Dismiss [Doc. # 67] at 13-14.

Plaintiffs now move for entry of final judgment pursuant to Fed. R. Civ. P. 54(b) or, alternatively, for certification for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), see Pls. Mot. [Doc. # 73], which defendants oppose, see Defs. Obj. [Doc. # 77]. For the reasons that follow, plaintiff's request for Rule 54(b) certification will be granted.

## I. Factual and Procedural Background

As more thoroughly detailed in the Court's Ruling on Defendants' Motion to Dismiss, this action arises out of the tragic accident on September 28, 2005 that caused the deaths of plaintiffs' children and David's mother when the car driven by David's mother and carrying the two children, traveling on a public highway in the Town of Waterford, crossed the "quad-gated railroad gate crossing owned by the defendant Amtrak [and] both the entrance and exit gates lowered, trapping the plaintiffs' decedents . . . between the entrance and exit gate, and the plaintiffs' decedents were suddenly and without warning violently struck by a westbound Acela high speed train, traveling at over 70 miles per hour, owned by the defendant Amtrak, and operated by

2

an employee of the defendant Amtrak." Sec. Am. Compl. ¶ 16.

Upon the Town Defendants' Motion to Dismiss, the Court found that plaintiffs' claims against the Town Defendants were barred by the exclusivity provision of the highway defect statute, finding that plaintiffs' claims related to a "highway defect" over their objection that "'the railroad crossing where the collision occurred was owned, controlled, possessed and maintained by the Co-Defendant [Amtrak]'" and that "'the negligence complained of in the Third Count of the Second Amended Complaint does not relate to any defect in the traveled upon portion of Miner Lane, but relates to the individual Town Defendants' actions in rejecting the proposals of the [Federal Railroad Administration ("FRA")] to construct an overpass or bypass at the Miner Lane crossing in favor of the construction of the quad gate system without authority to do so.'" See Rul. on Defs. Mots. to Dismiss at 8-9 (citing plaintiffs' memorandum of law). Specifically, with respect to plaintiffs' contention that their claims against the Town Defendants related not to an alleged highway defect but to the negligence of the Town Defendants in failing to do their job, the Court found that this argument has been rejected by Connecticut courts. Id. at 11-13 (citing Ferreira v. Pringle, 766 A.2d 400, 408-09 (Conn. 2001); Robishaw v. New England Cent. R.R., No. X07cv990071617S, 2000 WL 1056620, at *1 (Conn. Super. Ct. July 14, 2000)).

3

Plaintiffs now seek entry of final partial judgment pursuant to Fed. R. Civ. P. 54(b) on grounds that the only remaining claims in this action involve different legal questions and factual issues than those relating to the Town Defendants and, alternatively, they seek certification to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), contending that an immediate appeal would materially advance the progress of this case and a substantial ground for a difference of opinion exists as to the correctness of the Court's Ruling.

## II. Fed. R. Civ. P. 54(b)

Fed. R. Civ. P. 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

There are thus two criteria before a partial final judgment can enter pursuant to Rule 54(b): "A district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980). Next, "having found finality, the district court must go on to determine whether

4

there is any just reason for delay.  Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. . . . [I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in setting[s] such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals."  Id. at 8; accord Grand River Enter. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 164-65 (2d Cir. 2005) ("Rule 54(b) permits certification of a final judgment where (1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) there is no just reason for delay. . . . Respect for the historic federal policy against piecemeal appeals requires that a Rule 54(b) certification not be granted routinely.  The power should be used only in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.").

    This is obviously a case with multiple claims asserted against multiple parties.  All claims against the Town Defendants have been finally determined and dismissed for the same reason –

the conclusion that those claims are barred by the exclusivity provision of the Connecticut highway defect statute. The Court's determination of these claims thus constitutes a "judgment" "in the sense that [the Court's decision was] upon a cognizable claim for relief," and it is also "final" "in the sense that it is an ultimate disposition" of those claims. See Curtiss-Wright, supra.

There is also, in this case, no just reason to delay the appeal of the Court's determination of plaintiffs' claims against the Town defendants. Although plaintiffs asserted some of the same claims against the Town Defendants as they do against Amtrak (e.g., negligence, public nuisance, bystander emotional distress), the Court's dismissal of the claims against the Town Defendants hinged on a legal determination that is entirely unrelated to, and separable from, plaintiffs claims against Amtrak. See Hudson River Sloop Clearwater, Inc. v. Dep't of Navy, 891 F.2d 414, 418 (2d Cir. 1989) ("When the certified claims are based upon factual and legal questions that are distinct from those questions remaining before the trial court the certified claims may be considered separate claims under Rule 54(b).").

This is not a case involving a determination of sufficiency of the evidence on a claim which a district court believes might benefit from interim review, allowing for reversal and remand

6

before the remaining claims proceed to trial, but where "the remaining proceedings in the district court may illuminate appellate review of the dismissed claims" or "may suggest that the dismissal should be modified." Hogan v. Consol. Rail Corp., 961 F.2d 1021, 1026 (2d Cir. 1992) (finding district court's rationale for entry of Rule 54(b) judgment insufficient where "the court's purpose in seeking to enter an immediate final judgment of dismissal . . . was to obtain pretrial appellate review of its assessment of the evidence" so that "the correctness [] of its summary judgment [could] be determined prior to trial, in order to avoid, if it had erred in its assessment of the sufficiency of the evidence against [defendant], a complete new trial," observing "the interrelationship of the dismissed and surviving claims is generally a reason for <u>not</u> granting a Rule 54(b) certification, not a reason for granting it."); accord Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 630 (2d Cir. 1991).

This is also not a case where Rule 54(b) certification would inevitably require "two (or more) three-judge panels to familiarize themselves with a given case." Id. at 631. Indeed, the issue of whether the exclusivity provision of Connecticut's highway defect statute bars claims in this suit will not arise a second time on appeal, because that issue does not apply to any of the claims asserted against remaining defendant Amtrak. Cf.

7

Hudson River Sloop Clearwater, 891 F.2d at 418 (articulating as a policy behind "the distinct and separate claims required of Rule 54(b)" "the desire to avoid redundant review of multiple appeals based on the same underlying facts and similar issues of law," and upholding certification on a finding that "any subsequent appeals on the remaining claims . . . will involve questions of fact and law entirely distinct from the issues now before us"). Certification in this instance will thus allow for determination of this legal issue which pertains to the Town Defendants only (against whom no claims remain pending) and, in the event that the appellate court does not agree with this Court's decision on that issue and an opinion is issued prior to trial on plaintiffs' claims against Amtrak, the danger of having to hold a second trial to determine plaintiffs' claims against the Town Defendants, which arise out of the same factual circumstances as those brought against Amtrak, would be alleviated.[1]  See Grand

---

[1] While all of plaintiffs' claims arise out of the same accident, and plaintiffs assert some identical claims against both the Town Defendants and Amtrak, the claimed factual basis underpinning the claims against the Town Defendants is distinct from that underlying those against Amtrak.  Specifically, at the heart of plaintiffs' argument that the Connecticut highway defect statute does not bar their claims against the Town Defendants is their contention that those claims arise not out of any highway defect, but out of the Town Defendants' allegedly negligent and otherwise wrongful actions in rejecting proposals to construct an overpass or bypass at the Miner Lane rail crossing.  Thus the legal question of whether the highway defect statute bars plaintiffs' claims against the Town Defendants, as well as the allegations relating to that determination, are distinct from the factual and legal questions on which plaintiffs' claims against

8

River Enter. Six Nations, 425 F.3d at 165 (approving of district court's Rule 54(b) certification where district court granted motion to dismiss claims against all but one defendant on grounds of personal jurisdiction where "district judge recognized it would make no sense to try the [claims] against [the remaining defendant] alone if the dismissals of the [claims against the other defendants] turned out to be in error," finding "[t]his is precisely the type of 'danger or hardship or injustice' . . . to which Rule 54(b) is directed").[2]

Accordingly, the Court will grant plaintiffs' Motion for the Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b).

## III. 28 U.S.C. § 1292(b)

Having determined that Rule 54(b) certification is appropriate, the Court will not certify this case for interlocutory appeal pursuant to 28 U.S.C. 1292(b). However, the Court nevertheless observes that the criteria of Section 1292(b) – the existence of "a controlling question of law as to which

---

Amtrak are premised.

[2] The decisions of Harriscome Svenska, supra, Hogan, supra, and Adrian v. Town of Yorktown, No. 06-2318cv, 2006 WL 3826663 (2d Cir. Dec. 28, 2006), observing that "the rationale to avoid a second trial . . . is one [the Second Circuit] ha[s] explicitly rejected," can be distinguished from the considerations in this case and those in Grand River, because those cases involved circumstances where the certification implicated multiple piecemeal appeals on the same facts/issues and/or involved determinations that could potentially be refined/modified/ illuminated upon conclusion of the case in the district court prior to any appeal.

there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation" – are not met in this case because, while the question of the effect of the highway defect statute on plaintiffs' claims against the Town Defendants is demonstrably "controlling," plaintiffs' argument that "there is substantial ground for difference of opinion" about that question is not persuasive. A "substantial ground for difference of opinion" cannot be grounded merely in a claim that the Court's decision was wrong, see Estevez-Yalcin v. The Children's Village, No. 01cv8784 (KMK), 2006 WL 3420833, at *4 (S.D.N.Y. Nov. 27, 2006) ("A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion. . . . Rather, there must be 'substantial doubt' that the district court's order was correct.") (internal quotation omitted), and the arguments plaintiffs advance in support of their contention have already, in the Court's view, been addressed and rejected on the basis of case law which the Court found to be fairly well-settled, see Rul. on Defs. Mots. to Dismiss at 8-13; In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) ("[I]t is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute.").

**IV. Conclusion**

For the foregoing reasons, plaintiffs' Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) [Doc. # 73] is GRANTED, and their Motion for Certification Pursuant to 28 U.S.C. § 1292(b) [Doc. # 73] is DENIED.  Pursuant to Rule 54(b), the Clerk is directed to enter a final partial judgment in favor of the Town Defendants with respect to all claims asserted against them.

IT IS SO ORDERED.

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 15th day of May, 2007**